## STATE SUPREME COURT —Continued

# Syallabi of Last Week's Current Cases

### No. 374

No. 18143—Myra Mull Morris v. Frank S. Mull et al. Error to the Court of Appeals of Summit county.

485. EXECUTORS AND ADMINISTRATORS.

1. Degree of care required of fiduciaries varies, but should be what an ordinary man would exercise in his own business.

2. An executor must use reasonable diligence to notify legatees of bequests and for failure to do so, they have a right of action against him to recover the legacy.

DAY, J.

1. All executors, trustees and other fiduciaries are held to a certain degree of care and prudence in the exercise of their duties and must always act honestly and in good faith. The degree of care and diligence required may vary under the terms of the trust and the circumstances of each case, especially when the beneficial private interests of such executor or trustee are involved, and should be that which an ordinary man would exercise in the transaction of his own business.

2. Good faith requires an executor who has a beneficial private interest under a bequest unclaimed for two years, to use all reasonable diligence, with the knowledge and means of knowledge at his command, to locate and notify the legatee of such bequest, so that he may claim the same according to the terms of the will. A failure to use such diligence, whereby the legatee does not learn of the terms of the will in time to claim the bequest and the executor secures such bequest for himself, is tantamount to a fraud upon the legatee, and he may maintain an action in conversion against the executor to recover such legacy.

Judgment reversed.

Marshall, C. J., Jones and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 375

No. 18297—Cassidy et al v. Ellerhorst et al. Error to the Court of Appeals of Hamilton county.

635. INHERITANCE TAXES—Exemption of certain bonds of non-residents deposited in Ohio for safe keeping—Stocks in foreign corporations also.

MARSHALL, C. J.

1. Liberty bonds, bonds of municipalities of other states, and stocks and bonds of corporations organized under the laws of other states, owned by a non-resident decedent and deposited for safekeeping in this state, are not subject to Ohio inheritance tax laws under Section 5331, General Code, unless such securities are employed in commercial transactions within this state at the time of the death of such decedent.

2. A bond is evidence of an obligation, and a certificate of stock is evidence of ownership of property, but if the owner of bonds and stocks is not a resident of Ohio, and if the obligation of such bond is not enforceable in Ohio, and if such certificate represents ownership of shares of stock in corporations not resident of Ohio, such bonds and stocks are not "property" in Ohio within the meaning of that term as employed in the inheritance tax laws of Ohio.

Judgment affirmed.

Robinson, Jones, Matthias, Day and Allen, JJ., concur. Wanamaker, J., not participating.

### No. 376

No. 18217—Lawrence Conrad v. Seramus A. Lengel. Error to the Court of Appeals of Stark county.

717. LICENSES.

1. Honorably discharged soldiers who are exempt from fee for license must comply with police regulations and obtain license before peddling.

2. Arrest of such, without warrant, and detention of one hour not unreasonable.

MATTHIAS, J.

1. While by the provisions of Section 6351, General Code, an honorably discharged soldier procuring a peddler's license as therein provided is exempt from the payment of "any fee for a municipal or other license," he is subject to the police regulations of the municipality, including a requirement that before he peddles or hawks merchandise therein he must obtain a license, and such license, under the express provisions of Section 6352, General Code, may be revoked and canceled for cause therein stated.

2. The arrest without a warrant by an officer of one found by such officer violating a statute or ordinance is authorized by Section 13492, General Code, and detention for the period of one hour without such warrant is not unreasonable.

Judgment affirmed.

Marshall, C. J., Robinson, Jones, Day and Allen, JJ., concur. Wanamaker, J., not participating.